IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY L. ARMOUR, # K-89058, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-1111-SMY ) |
| DR. SANTOS, DAVID STOCK, PATTY THULL, JOHN R. BALDWIN, WEXFORD, and CENTRALIA CORRECTIONAL CTR., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Roy L. Armour, currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants have been deliberately indifferent to his serious medical condition. Plaintiff's Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

## **The Complaint**

Plaintiff has been diagnosed with a complete tear of the anterior cruciate ligament ("ACL"), and possible tear of the posterior horn medial meniscus in his left knee. (Doc. 1, p. 8). On or about November 18, 2017, he consulted Dr. Santos about the results of a MRI conducted on his knee at Bromenn Medical Center in Bloomington, Illinois, which reported the above

diagnosis. (Doc. 1, p. 5). Plaintiff attached a radiology report dated February 2014 from Bromenn Medical Center to his Complaint. (Doc. 1, p. 8). Based on that report, Dr. Santos told Plaintiff he would make a referral for possible surgery. *Id.*

About a month later, Plaintiff was informed that he would be sent out on a medical writ to have surgery. However, it turned out that he was being offered physical therapy instead. (Doc. 1, p. 5). Plaintiff refused to sign the paper to have physical therapy, reasoning that he did not need it until after having knee surgery.

A couple days later, Dr. Santos called Plaintiff in to tell him that Wexford would not allow the surgery because it would be too costly. (Doc. 1, pp. 4-5). Plaintiff filed grievances over the disallowance of surgery, but they were denied. (Doc. 1, pp. 9-12).

Presently, Plaintif has pain from the torn ACL which extends all the way to his foot when he walks. He alleges that he is "in pain all day every day." (Doc. 1, p. 10).

In addition to Dr. Santos and Wexford, Plaintiff includes as Defendants Centralia Warden Stock, Patty Thull of the IDOC Administrative Review Board, IDOC Director Baldwin, and Centralia Correctional Center. (Doc. 1, pp. 1-2). As relief, Plaintiff requests surgery to correct his left knee condition, however, he has not filed a separate motion seeking injunctive relief. (Doc. 1, p. 6). He also seeks compensatory damages. *Id.*

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that

3

is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Santos, for failing to provide Plaintiff with surgery to correct his torn ACL and meniscus in his left knee;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford, for denying permission for Plaintiff to undergo surgery to correct his torn ACL and meniscus in his left knee;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Stock, Thull, Baldwin, and Centralia Correctional Center, for failing to provide Plaintiff with surgery to correct his torn ACL and meniscus in his left knee.

Count 2 may proceed for further consideration. However, Counts 1 and 3 will be dismissed without prejudice pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

**Dismissal of Count 1 – Deliberate Indifference to Serious Medical Condition – Dr. Santos**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842

(1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff has suffered from a torn ACL and possible tear to tissue in his left knee for some time. He describes ongoing pain radiating down his leg that affects him daily, especially when he walks. This condition and symptoms satisfy the objective component of an Eighth Amendment claim. The remaining question then, is whether the defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

Dr. Santos made a request on Plaintiff's behalf for permission to have the knee surgery. The request constitutes a reasonable attempt to obtain treatment for Plaintiff's condition, and does not support a deliberate indifference claim. Plaintiff claims the only thing that prevented Dr. Santos from referring him to undergo the knee surgery was Wexford's refusal to approve that treatment.

The Complaint is silent as to whether there may have been any other steps that Santos could have or should have taken in order to provide proper treatment for Plaintiff, or to attempt to relieve his pain. If any other facts exist that would suggest that Santos failed to take proper action to address Plaintiff's pain or the risk of harm he faced from his knee injury, Plaintiff may plead those facts in an amended complaint. The current Complaint, however, fails to state a viable claim for deliberate indifference against Santos based on the conduct described. **Count 1**

will therefore be dismissed without prejudice pursuant to § 1915A.

**Count 2 – Deliberate Indifference to Serious Medical Condition – Wexford**

The Court presumes that Plaintiff's inclusion of "Wexford" as a defendant refers to Wexford Health Sources, Inc. Wexford is a corporation that employs Dr. Santos and provides medical care at the prison. However, it cannot be held liable solely on that basis. Rather, a corporation can only be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Here, Plaintiff alleges that Dr. Santos was unable to send him to an outside hospital for surgery as a direct result of a decision by Wexford. Specifically, Plaintiff alleges Santos informed him that Wexford would not allow the surgery because it would cost too much. A cost-control policy that results in the denial of treatment recommended by a medical provider is sufficient to support a deliberate indifference claim against a corporation. Based on these factual allegations, Plaintiff may proceed with his claim against Wexford in **Count 2**.

**Dismissal of Count 3 – Remaining Defendants**

While Plaintiff names Stock, Thull, Baldwin, and Centralia Correctional Center in the case caption and/or his list of parties, he does not mention these defendants in the body of his Complaint. Plaintiff includes no factual allegations against them whatsoever, let alone any facts that would indicate that Stock, Thull, Baldwin,[1] or Centralia Correctional Center were deliberately indifferent to his need for knee surgery.

---

[1] Plaintiff attaches a form response to his grievance over the denial of surgery, which indicates that Thull and Baldwin denied the grievance. (Doc. 1, p. 9).

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where as in this case, a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For these reasons, Plaintiff fails to state a claim upon which relief may be granted against Defendants Stock, Thull, and Baldwin, and the claims against them will be dismissed from this action without prejudice.

Likewise, Centralia Correctional Center is subject to dismissal, but precedent directs that the dismissal of this entity should be with prejudice. A state agency such as the Illinois Department of Corrections, as well as the prisons which are divisions of IDOC, cannot be sued for damages in a civil rights action. This is so because the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).

Therefore, Centralia Correctional Center will be dismissed from **Count 3** with prejudice. However, because Plaintiff is requesting injunctive relief, Centralia Warden Stock shall remain in the action in his official capacity only, in order to carry out any injunctive relief to which

Plaintiff may be entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT**. No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on all defendants who remain in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

### Disposition

**COUNTS 1 and 3** are **DISMISSED** as to the individual defendants without prejudice for failure to state a claim upon which relief may be granted. Defendants **SANTOS, THULL,** and **BALDWIN** are **DISMISSED** from this action without prejudice. Defendant **CENTRALIA CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **WEXFORD** and **CENTRALIA WARDEN STOCK (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent

authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 11, 2018**

s/ STACI M. YANDLE
United States District Judge